*260
 
 Battle, J.
 

 We agree witli tlie defendants’ counsel in the construction which he puts upon the private Act of Assembly passed in 1838, (ch. 15,) giving to the County Court of Martin the power to elect constables, and we assent to the proposition that the appointment of the defendant as constable, at the October Term, 1851, expired at the following January Term, 1852.
 
 State
 
 v. Burcham, 11 Ire. Rep. 436 ;
 
 State
 
 v. Lane, 13 Ire. Rep. 253. We are nevertheless of the opinion that, by force of the 9th section of the 79th chapter of the Revised Code, the relator is entitled to recover. This Act was passed originally in 1842, and it provides that “ whenever any instrument shall be taken by, or received under the sanction of, a court of record, or by any persons acting under, or in virtue of, any public authority, purporting to be a bond executed to the State for the 'performance of any duty, belonging to any office or appointment, such instrument, notwithstanding any irregularity or invalidity in the conferring of the office, or in making of the appointment, or any variance in the penalty, or condition of the instrument, from the provisions prescribed by law, shall be valid, and may be put in suit in the name of the State, for the benefit of the person injured by a breach of the condition thereof, in the same manner as if the office had been duly conferred, or the appointment duly made, and as if the penalty and condition of the instrument had conformed to the provisions of law.” The present case certainly comes within the spirit, if not the very letter of the Act. The defendant, Cobb, was appointed a constable by the County Court of Martin, which is a court of record, at October Term, 1851,
 
 for one
 
 year, and, thereupon, executed a bond with the usual conditions, which recited his appointment/i??’
 
 one yem%
 
 and the other defendants became liis sureties to the said bond. His office expired at the January Term, 1852, so that the appointment was invalid for the residue of the year; yet the act says that the bond shall, notwithstanding, be valid, and may be put in suit in the name of the State, for the benefit of any person injured by a breach of the condition. The relator was injured by the defendant
 
 *261
 
 Cobb’s taking her claims to collect, as an officer, and by his negligence in failing to collect them within the year for which his appointment purported to have been made. Tier right to recover seems to be within the express provisions of the law.
 

 But it is contended that the cases of the
 
 State
 
 v. Bwreham, and
 
 State
 
 v. Lane, above referred to, are decisions directly in point against this conclusion. Of the latter of these cases, we have only to" remark, that the facts upon which the rights of the parties depended, occurred before the Act was passed, and, of course, could .not be affected by it. The former occurred after the Act went into operation, and it is, therefore, apparently an authority against .us. But it is so in appearance only ; for, upon an examination of the transcript of record as sent up to this Court, we find that it is not so in reality. It will be noticed that, in the report, the facts of the case are not stated, either by the_ Beporter, or the Judge who delivered the opinion of the 'Court. The. transcript shows that the appointment of Burcham as constable was made at the May Term, 1843, of Cartaret County Court, in the following words: “ Ordered that Shepperd W. Burcham be appointed constable for the Beaufort district, by his giving William S. "Ward, Bufus Ward, and Benjamin Mace, as securities in a bond of $4,000.” íhe condition of the bond given, recites that “ whereas the above bounden Shepperd W. Bur-cham has been appointed a constable in the county aforesaid, now, &c.” Nothing is said either in the order of appointment, or in the bond, about the duration of the office. The Judge in the Court below decided that the office expired in the following February, and that no recovery could be had upon the bond for claims put into the principal defendant’s hands after that time. The judgment was affirmed by this Court; but it does not appear that the Act of 1842 was brought to the attention of the Court, and it certainly is not noticed in the opinion filed. This case, therefore, cannot stand in the way of our putting upon the Act what we believe to be its true construction.
 

 
 *262
 
 The principle which we have here enunciated, will, we believe, be found to be sanctioned by an able opinion of Chief Justice Maeshall, delivered the case of the
 
 United States
 
 v.
 
 Manin,
 
 and reported in 2 Brockenborough’s Rep. 96. It was there held that “ an official bond given by an agent of fortifications, whose
 
 appointment
 
 was irregular, but whose
 
 office
 
 was established by law, though void as a statutary obligation, was valid as a contract to perform the duties appertaining to the office of agent of fortifications, and was binding on his sureties. The judgment of nonsuit must be set aside, and a judgment rendered for the plaintiff.
 

 Per CuriAM. Judgment reversed.